## First National Bank of Spring Mills, Appellant, *v.* Walker et al.

Argued February 4, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John Blanchard,* with him *S. D. Gettig, John J. Bower* and *Edmund Blanchard,* for appellant.—The record was sufficient notice of a pending appeal: Coyne v. Souther, 61 Pa. 455; Parke v. Neeley, 90 Pa. 52; Brown v. Thompson, 156 Pa. 297; Baer v. Kistler, 4 Rawle 364; Wells v. Baird, 3 Pa. 351.

*Newton B. Spangler,* with him *Ivan Walker,* for appellees.—The satisfaction being regularly marked on the

docket, and so marked by the authority of one who, prima facie, had full power so to do, this was all one was required to look to: Harner's App., 94 Pa. 489; Coyne v. Souther, 61 Pa. 455; Crouse v. Murphy, 140 Pa. 335; Hutchinson's App., 92 Pa. 186.

OPINION BY MR. JUSTICE FRAZER, March 18, 1929:

June 8, 1922, S. G. Walker executed a judgment note for $5,500 to the First National Bank of Spring Mills, which was duly entered of record June 9, 1922, in the Court of Common Pleas of Center County as of No. 50, September Term, 1922. On August 3, 1923, for reasons which we deem unnecessary to state, a rule was taken to show cause why this judgment should not be satisfied of record, and on April 25, 1925, by agreement of the parties the granting of an issue on the rule was dispensed with, the facts agreed upon, and it was provided "the judge of said court shall dispose of said rule and shall enter judgment in favor of the above named plaintiff or defendant, as the said court shall determine, the liability of defendant based entirely upon the legal effect of the contract (set forth in paragraph one thereof) as applied to the facts thus stated. If judgment is entered in favor of the plaintiff, then the rule to be discharged; if judgment is entered in favor of the defendant, S. G. Walker, then the decree entering said judgment shall direct the prothonotary to satisfy the above stated judgment; the costs to follow the judgment and either party shall have the right of appeal."

November 20, 1925, the court ordered that judgment be entered "in favor of S. G. Walker, defendant, and that the prothonotary satisfy of record judgment No. 50, September Term, 1922." Pursuant to this order, the prothonotary entered upon the appearance docket the following, "And now, Nov. 20, 1925, as per decree of court this judgment satisfied," and, on the judgment index, in the column headed "satisfaction," the word "sat-

isfied" and, under "remarks," "Satisfied Nov. 20, 1925, by decree of court."

An appeal was taken February 15, 1926, and, on February 18, 1926, certiorari from the Supreme Court was filed returnable the fifth Monday of January, 1927.

With the record in this shape, Walker, by deed dated February 7, 1927, and recorded February 8, 1927, conveyed to W. A. Stover three tracts of land which he, Walker, owned previous to the date of entry of the judgment against him. At the time of executing the deed, Stover borrowed from the Farmers National Bank & Trust Company $7,000, which he secured by a mortgage on the three tracts purchased, which mortgage was not recorded until February 26, 1927. In the meantime the appeal was argued in this court, and on April 2, 1927, the following order was entered (289 Pa. 252) : "The order of the court below is reversed at the costs of the appellee and the rule to show cause why the judgment entered in the Court of Common Pleas of Center County, to No. 50, September Term, 1922, should not be marked satisfied is hereby discharged." The First National Bank of Spring Mills, plaintiff in the judgment, then issued a writ of scire facias to revive and continue the lien of the judgment against defendant, naming Stover, the grantee of the three tracts conveyed, and the Farmers National Bank & Trust Company, mortgagee thereof, as terre-tenants. The latter each filed an affidavit of defense denying that, at the time of the conveyance of the land to Stover and execution of the mortgage to the trust company, the judgment was a lien on the real estate.

There were no disputed facts on the trial of the case, the material points in dispute being as to the legal effect of the various documents and proceedings in connection with the case following entry of the original judgment. The trial judge charged the docket set forth sufficient to give notice that the judgment was satisfied by an order of court, and it thereupon became the duty of any per-

son, examining the record, to investigate that order, which was subject to appeal, and that as such investigation would have disclosed an appeal had in fact been taken with the possibility of a reversal and consequent reinstatement of the judgment, directed a verdict for plaintiff for the amount of the judgment with accrued interest against Walker generally, against Stover to be recovered only out of the land conveyed to him by Walker, and against the Farmers National Bank & Trust Company to the extent of making the lien of its mortgage subsequent to that of the judgment. The court, however, later entered judgment non obstante veredicto in favor of Stover and the trust company on the ground that the official records gave no notice to them at the time of the conveyance to Stover, of the existence of any judgment which was a lien on the land referred to.

The question thus arises, what notice was given by this record to persons having occasion to make examination. It is undoubtedly a general rule that a purchaser is not bound to look for judgments beyond the judgment index, and if his search discloses the existence of no liens entered there he may properly assume that no such lien exists. Likewise, if he finds an entry of satisfaction on the judgment index he has ordinarily a right to rely on such entry and assume the lien which formerly existed has been paid or otherwise disposed of. However, if the record discloses any circumstance, in addition to the entry of satisfaction, calculated to put the party on inquiry as to further information to be obtained with respect to the satisfaction of the judgment, it becomes his duty, in the exercise of ordinary diligence, to make inquiry. "The record of a judgment properly entered and docketed is notice of what it contains or recites as well as of such facts as may be fairly inferred from its recitals": 34 C. J. 96. Such record carries with it "constructive notice of all facts therein expressly recited as well as of such facts as might be fairly inferred from its

recitals, but nothing more": Johnson v. Hess, 126 Ind. 298, 309. In Parke v. Neeley, 90 Pa. 52, this court, after stating that, although true as a general rule a purchaser need not look beyond the judgment docket for liens that should there appear, called attention to the fact that exceptions exist to this rule and that (page 59) "whatever puts a party on inquiry amounts to notice, provided the inquiry becomes a duty, as in the case of purchasers and creditors, where the inquiry, if pursued, would lead to knowledge of the requisite facts."

Applying the above general principles, we are of opinion the notation on the judgment index stating satisfaction "by decree of court" is sufficient to put on the one examining the records the duty of looking further to ascertain what, if any, conditions were imposed by such decree. An examination of the appearance docket in the prothonotary's office would have disclosed a pending appeal to this court questioning the satisfaction of the judgment here in controversy, at the time of the sale of the property in question. This would have been notice of a possibility of the decree of the court below being reversed and that no steps should have been taken in reliance upon the judgment docket until the question was finally settled by this court.

The judgments in favor of Wm. A. Stover and the Farmers National Bank & Trust Company are reversed, the motion for judgment non obstante veredicto is dismissed, and judgment is directed to be entered on the verdict as ordered by the trial judge. Costs to be paid by appellees.