# Jarrell, Jr., v. Fidelity-Philadelphia Trust Co.

*James C. Buckley* and *Reilly & Pearce* for plaintiff.
*Caine & DiPasqua* for defendant.

TOAL, J., April 22, 1963.—This action was instituted by plaintiffs for the purpose of quieting the title to the property involved in this case which was purchased by them from John C. Calhoun and Catherine R. Calhoun, his wife, and conveyed to them by deed dated March 2, 1960. On April 22, 1959, the Fidelity-Philadelphia Trust Company, defendant herein, entered a judgment against the Calhouns who then owned the property in question, said judgment being in the amount of $4,060.75, Court of Common Pleas, Delaware County, March term 1959, no. 1524. A lien was created in favor of the defendant bank against the property owned by the Calhouns. On November 19, 1959, the bank had this judgment marked satisfied, and the judgment index in the office of the prothonotary was marked to show this satisfaction. The lien against the Calhoun property thus was terminated on the record. On November 30, 1959, the bank filed a petition and

rule to show cause why this satisfaction should not be stricken from the records. On December 24, 1959, by order of the court, the satisfaction was ordered stricken from the record. The notation of satisfaction was not removed from the judgment index. On February 25, 1960, the bank sent a letter to the real estate broker representing the Calhouns in the sale of the property about to be conveyed by said Calhouns to plaintiffs demanding the sum of $3,272.28 to pay a loan, the letter made no reference to a judgment nor a term and number of any judgment. On March 2, 1960, the settlement for the property took place. Prior to settlement, the judgment index was searched as to the Calhouns and no unsatisfied judgment in favor of the defendant bank and against said Calhouns appeared of record. The judgment index remained as before indicating that a prior existing judgment in favor of the bank and against the Calhouns had been satisfied of record.

The defendant bank has a theory that because plaintiffs engaged the Title Abstract Company of Pennsylvania to insure the title to the property and to indemnify them should any title defect turn up, after they took title to said property, that said Title Abstract Company of Pennsylvania became the agent of plaintiffs and that any negligence on the part of the Title Abstract Company could be imputed over to plaintiffs where it failed to discover a title defect respecting the property in question. We do not agree with this theory and are of the opinion that the relationship of principal and agent did not exist between the parties but that the Title Company was an independent contractor whose liability was that of indemnitor to plaintiffs to hold said plaintiffs harmless should a title defect appear after the settlement. The Title Company is not a party to this action to quiet title and we are concerned only with the state of the record as between the

vendors and vendees at the time title to the property passed from the vendors to the vendees. The Bank must succeed or fail in maintaining the lien of its judgment against the property in question based entirely upon the record and the notice it gave to third persons who might be affected in their dealings with said property.

Plaintiffs maintain that it was the duty of the Bank to see that the judgment index correctly reflected its judgment against John C. and Catherine R. Calhoun and that plaintiffs had no duty to look beyond the judgment index to determine whether a judgment existed against the property in question.

The law of Pennsylvania requires that for a judgment to be a lien on real property, the title to which has passed to purchasers or been mortgaged, the judgment must be indexed in the prothonotary's office in the county where the real estate is located. We quote the Act of Assembly dated April 22, 1856, P. L. 532, sec. 3, 17 PS §1922:

"That the lien of no judgment, recognizance, execution levied on real estate in the same or another county, or of writs of *scire facias* to revive or have execution of judgments, shall commence or be continued as against any purchaser or mortgagee, unless the same be indexed in the county where the real estate is situated in a book to be called the judgment index; and it shall be the duty of the prothonotary or clerk forthwith to index the same according to priority of date, and the plaintiff shall furnish the proper information to enable him to perform said duty."

This act definitely established the principle that unless the judgment is properly indexed on the judgment index there can be no lien on real estate as to third persons.

The law of Pennsylvania provides further that when a judgment is satisfied it is the duty of the prothono-

tary to mark the satisfaction on all the records, including the index. We quote the act relating to this requirement:

"That hereafter, when any judgment or judgments shall or may be entered in any court of common pleas in this Commonwealth, and when said judgment or judgments is marked satisfied, it shall be the duty of the prothonotary of said court to make entry of such satisfaction and the date thereof in all books, dockets and indexes on the margin opposite the record of said judgment wherever and whenever such judgment or judgments may be entered or indexed, with but one fee for entering satisfaction": Act of June 8, 1891, P. L. 244, sec. 1, 12 PS §979.

While the act quoted above states that "it shall be the duty of the prothonotary" to make the entry of satisfaction upon the records including the judgment index, our courts have consistently held that it is the duty of a judgment creditor to see that his judgment is correctly entered on the judgment index. At the base of the legislation and the decisions lies the principle that, although it is the prothonotary who makes the entries upon the books, it is the duty of the judgment creditor to see to it that his judgment is correctly indexed. See Prouty v. Marshall, 225 Pa. 570, 576, 577, 74 Atl. 550. The obligation of seeing that the record of an instrument is correct must properly rest upon its holder. See Commonwealth to the use of Orris v. Roberts, 392 Pa. 572, 586, 587.

The defendant bank, in the case at bar, relies upon the principle that plaintiffs had actual notice of the fact that the judgment, although satisfied on the record, was later by court action restored as a judgment by striking the satisfaction off the record. The bank further attempts to set up the theory that if plaintiffs could not be charged with actual notice, they could be said to have had constructive notice. There is the prin-

ciple in the law that if the judgment index contained anything which "puts the party upon inquiry" and therefore "amounts to notice" that the parties could be required to go beyond the judgment index to protect their rights.

If a purchaser of real estate finds an entry of satisfaction of a judgment on the judgment index, he has ordinarily a right to rely on such entry and assume that the lien which formerly existed had been paid off or otherwise disposed of. If, however, the record discloses any circumstances in addition to the entry of satisfaction calculated to put the party on inquiry as to further information to be obtained with respect to the satisfaction of the judgment, it becomes his duty, in the exercise of ordinary diligence, to make inquiry. The notation on the judgment index stating satisfaction "by decree of court" is sufficient to put on the one examining the records the duty of looking further to ascertain what, if any, conditions were imposed by such decree. See First National Bank of Spring Mills, v. Walker, 296 Pa. 192.

Nowhere in the record is it indicated that plaintiffs had actual notice that the satisfaction of the judgment had been stricken from the record. This point, therefore, must be resolved against the defendant bank. With reference to the second point, that of constructive notice, we go to the record itself and we find that the judgment index shows that the judgment had been satisfied and so marked on the judgment index. Unlike the facts in the case of First National Bank of Spring Mills, supra, there is nothing on the judgment index to indicate that any decree of court had affected the judgment. See Lambert v. K-Y Transportation Co., 113 Pa. Superior Ct. 82; Butts v. Cruttenden, 14 Pa. Superior Ct. 449.

The defendant bank would have this court find that something happened at the settlement which should have alerted plaintiffs to out of the ordinary or un-

usual circumstances and caused them to examine the record with great care and make the examination beyond the judgment index. We find nothing in the record of this case which, in our opinion, amounts to unusual circumstances or out of the ordinary conduct at the settlement on the part of the vendors, Calhouns. In fact, the circumstances at the settlement support the proposition that the defendant bank held no judgment against the Calhouns which bound the about to be conveyed premises as a lien. The letter sent by the defendant bank to be presented at the settlement certainly did not indicate that a judgment of record was involved. To the contrary, the letter indicated that the Calhouns owed the bank money on a loan not secured by a judgment of record. We must resolve the question of constructive notice against the defendant bank in this case.

### Conclusions of Law

1. Plaintiffs are entitled to have judgment entered in their favor. . . .

### Decree Nisi

And now, April 22, 1963, it is ordered and decreed that plaintiffs' action to quiet title to property known as 3 Brookhaven Road, Wallingford, Nether Providence Township, Delaware County, Pa., said premises being more fully described in fact no. 1 of the findings of fact, be and it is hereby sustained; and further, the prothonotary shall give notice to the parties, or their attorneys, forthwith of the filing of this decision; and if no exceptions hereto are filed with him within 20 days after service of such notice, shall enter judgment hereon in favor of plaintiffs, Eugene R. Jarrell, Jr. and W. Corcoran Darlington and Eugene B. Spitz and against defendant, Fidelity-Philadelphia Trust Company.

### Opinion sur Exceptions

Toal, J., October 10, 1963.—This matter involves a trial before a judge without a jury. The action was

brought by plaintiffs against defendant to quiet title. Plaintiffs seek to have their property, 3 Brookhaven Road, Wallingford, Pa., declared free and clear of an alleged lien on the property in favor of defendant. The property was purchased by plaintiffs from John C. Calhoun and Catherine R. Calhoun on March 2, 1960. Defendant bank had entered a judgment in the amount of $4,060.75, against the Calhouns on April 22, 1959. The bank claims they have a lien against this property arising out of the aforesaid judgment. The purchasers, plaintiffs, deny this; hence, this action to quiet title.

After testimony was taken by the trial judge, requests for findings of fact, conclusions of law and written briefs were submitted by respective counsel. On April 22, 1963, the trial judge, sitting as a judge without a jury, entered a decree nisi sustaining plaintiffs' action. Defendant filed exceptions to the trial judge's findings of fact, conclusions of law and decree nisi. The said matter has been argued before the court en banc, together with the submission of written briefs, and is now ready for a final determination.

Defendant's first exception relates to the statement made by the trial judge to the effect:

"The circumstances at the settlement support the proposition that the defendant Bank held no judgment against the Calhouns which bound the about to be conveyed premises as a lien. The letter sent by the defendant Bank to be presented at the settlement certainly did not indicate that a judgment of record was involved. To the contrary, the letter indicated that the Calhouns owed the bank money on a loan not secured by a judgment of record."

This exception must be dismissed for the reason that the record clearly supports the said statement and shows that plaintiffs received no constructive notice that a judgment in favor of the bank against the property in question was involved.

The second exception of defendant relates to the refusal of the trial judge to adopt the suggested findings of fact of defendant, said findings of fact being numbered 1 to 21 inclusive. This exception must be dismissed for the reason that all of these suggested findings of fact are in support of defendant's theory that the title insurance company acted as agent for plaintiffs and that notice of any defect in the title of the property in question made known to said title company was notice to said plaintiffs. The suggested findings of fact also relate to the alleged practice in the prothonotary's office concerning judgments and the judgment index and the alleged customs and practices of title companies in making searches relating to judgments of record both satisfied and still in being. The court is of the opinion that the trial judge properly and correctly ruled that the relation of principal and agent did not exist between the title insurance company and plaintiffs. Further that the practice in the prothonotary's office and the customs and practices of title companies in making searches relating to judgments of record, both as to satisfactions of said judgments and existence of said judgments, were irrelevant to the issue in the present case.

Defendant filed a third exception to the conclusions of law as found by the trial judge, namely, conclusions of law 1 to 3, inclusive. This exception must be dismissed as the court is of the opinion that the conclusions of law as found by the trial judge are correct as applied to the factual situation disclosed by the record in this case.

Defendant filed a fourth exception with respect to the refusal of the trial judge to reach certain conclusions of law suggested by counsel for defendant, to wit, conclusions of law numbered 1 to 8 inclusive. The court is of the opinion that this exception must be dismissed for the reason that these suggested conclusions

of law support the theory advanced in the present case by defendant, and the court is of the opinion that the trial judge was correct when he refused to adopt defendant's theory and accordingly refused to reach the conclusions of law suggested by defendant. Accordingly, the following is made:

### Order and Decree

And now, October 10, 1963, defendant having filed motions for a new trial and for judgment n. o. v., together with exceptions to the findings and decision heretofore filed in the above captioned action to quiet title which was tried by a judge without a jury, and after hearing and argument thereon before the court en banc it is ordered and decreed that:

1. Defendant's motion for a new trial be and the same is hereby dismissed.

2. Defendant's motion for judgment n. o. v. be and the same is hereby dismissed.

3. Defendant's exceptions to the court's findings and decision be and the same are hereby dismissed.

4. Judgment is hereby entered in favor of plaintiffs, Eugene R. Jarrell, Jr., W. Corcoran Darlington and Eugene Spitz against defendant Fidelity-Philadelphia Trust Company.

An exception is granted to defendant.